10-15938

Debra P. Hackett
United States District Court
PO BOX 711
MONTGOMERY, AL 36101-0711

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 04, 2011

William E. Bowhall
2016 Old Lafayette Hwy.
Opelika, AL 36801

Appeal Number: 10-15938-C
Case Style: William Bowhall v. President USA, et al
District Court Docket No: 2:10-cv-00609-WKW-TFM

The following action has been taken in the referenced case:

The enclosed order has been ENTERED.

Pursuant to Eleventh Circuit Rule 42-1(b) you are hereby notified that upon expiration of fourteen (14) days from this date, this appeal will be dismissed by the clerk without further notice unless you pay to the DISTRICT COURT clerk the $450 docket and $5 filing fees (total of $455), with notice to this office.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Deborah H. Hall/wl, C
Phone #: (404) 335-6189

MOT-2 Notice of Court Action

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR - 4 2011
JOHN LEY
CLERK

No. 10-15938-C

WILLIAM E. BOWHALL,

                                                                Plaintiff-Appellant,

versus

PRESIDENT UNITED STATES OF AMERICA,
WILLIAM J. CLINTON, et al.,

                                                                Defendants-Appellees.

Appeal from the United States District Court for the
Middle District of Alabama

ORDER:

In July 2010, William E. Bowhall filed a *pro se* civil complaint against 26 defendants, including 4 U.S. presidents, several members of the U.S. Congress, various state officials, various political organizations, and Ford Global Technologies, LLC (collectively "defendants").[1] In his

---

[1] In July and August 2010, Bowhall filed eight other civil actions in the district court. *See Bowhall v. Johnson & Johnson*, No. 2:10cv601-WKW (July 14, 2010); *Bowhall v. Capitol-EMI Records, Inc.*, No. 2:10cv603-WKW; *Bowhall v. Office of James M. Deimen*, 2:10cv604-WKW (July 14, 2010); *Bowhall v. Howell High Sch. Bd. of Educ.*, No. 2:10cv605-WKW (July 14, 2010); *Bowhall v. Viacom, Inc.*, 2:10cv606-WKW (July 14, 2010); *Bowhall v. Dep't of Defense*, No. 2:10cv607-WKW (July 14, 2010); *Bowhall v. NBC, Inc.*, 2:10cv608-WKW (July 14, 2010); *Bowhall v. NAACP Beverly Hills*, No. 2:10cv679-WKW (Aug. 10, 2010).

complaint[2], Bowhall alleged that the defendants entered into a conspiracy against the national security and economic welfare of the United States, on the basis that they showed a "non-commitment to industrial advancement." He alleged that the defendants committed "fraud and deceit" by neglecting their duties as outlined in the Constitution, and engaged in unfair competition, diversion of public funds, and abuse of office. Further, Bowhall alleged that the defendants disregarded his political concerns about anti-trust and patent reform laws, establishment of a third party Congress, and campaign finance reform. Finally, he stated that he opposes the "[n]omination of a non-natural born citizen to office of [the] President [of the United States] in the 2009 election year." He did not identify any specific statute as the basis for his complaint. Bowhall requested monetary damages.

Because Bowhall seeks leave to proceed on appeal IFP, his appeal is subject to a frivolity determination. *See* 28 U.S.C. § 1915(e)(2)(B). Pursuant to § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it is without arguable merit either in law or fact. *Napier v. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002). This Court reviews a district court's dismissal of a complaint as frivolous for an abuse of discretion. *See Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991). In general, a dismissal without prejudice is not an abuse of discretion. *See Dynes v. Army Air Force Exch . Serv.,* 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).

---

[2] Bowhall's complaint is rambling and disjointed, and he describes events dating back to 1978.

2

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007) (citations omitted). Further, the U.S. Supreme Court has consistently held that "a plaintiff raising only a generally available grievance about government - claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large - does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74, 112 S.Ct. 2130, 2143, 119 L.Ed.2d 351 (1992).

Here, the district court properly dismissed Bowhall's complaint as frivolous. To the extent that he raised claims for monetary damages against federal and state officials in their individual capacities, his claims are barred by qualified immunity. *See Andujar*, 486 F.3d at 1202. Further, as to Bowhall's general claims that his political concerns have been ignored, various public officials committed misconduct, and the U.S. President is not a natural born citizen, Bowhall lacks standing to bring suit in federal court because he only raises generally available grievances about government. *See Defenders of Wildlife*, 504 U.S. at 573-74, 112 S.Ct. at 2143. Thus, the district court did not abuse its discretion in concluding that the complaint was frivolous and dismissing the complaint without prejudice. As such, Bowhall's motion for leave to proceed IFP on appeal is DENIED because the appeal is frivolous. *See Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983).

*/s/ Frank M. Hull*
UNITED STATES CIRCUIT JUDGE

3